**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**David Mounts and Bonnie Mounts,**
**Plaintiffs Below, Petitioners**

**vs.) No. 21-0687** (Mingo County 20-C-115)

**Troutman Pepper Hamilton Sanders LLP and Jason Manning,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioners David and Bonnie Mounts[1] appeal the July 29, 2021, order of the Circuit Court of Mingo County granting respondents' motion for judgment on the pleadings.

On April 3, 2020, petitioners filed suit in the United States District Court for the Eastern District of Kentucky[2] ("federal litigation") against Bruce Walters Ford Sales Inc., ("Bruce Walters Ford"),[3] and Credit Acceptance Corporation, the latter of which was represented by respondents, stemming from the purchase and finance of a vehicle. In the federal litigation, Bruce Walters Ford filed a joint motion that attached an unredacted exhibit comprised of the retail buyers order, that contained petitioners' personal identifying information. Later, petitioners, themselves, also filed a copy of the retail buyers order, with attempted redactions.[4] On the following day, petitioners

---

[1] Petitioners are represented by Jeffrey Mehalic, of Mehalic Law PLLC. Respondents are represented by Jason E. Manning and David M. Asbury, attorneys with Troutman Pepper Hamilton Sanders LLP.

[2] *Mounts v. Bruce Walters Ford Sales Inc.*, Civil Action No. 7:20-cv-00046-REW-EBA (E.D. Ky. Apr. 3, 2020).

[3] Bruce Walters Ford was represented by Michelle L. Burden, an attorney with Garvey Shearer, Nordstrom, PSC.

[4] Although petitioners attempted to redact the personal identifying information from the exhibit using "X" marks, the redactions were ineffective in covering petitioner's personal identifying information.

1

withdrew their original exhibit and re-filed the document with attempted additional redactions.[5] On October 16, 2020, Bruce Walters Ford's attorney, along with Credit Acceptance Corporation's counsel, filed a redacted retail buyers order and withdrew the exhibit that had been attached to the original motion.[6]

Petitioners filed the present civil action against respondents in the Circuit Court of Mingo County, claiming that they breached their duty of confidentiality to petitioners when they filed the unredacted retail buyers order in the federal litigation. Respondents filed an answer, denied liability, and attached documents including the docket sheet from the federal litigation that reflected that Bruce Walters Ford's counsel filed the retail buyers order. Respondents also filed a motion for judgment on the pleadings. The circuit court granted respondents' motion for judgment on the pleadings and found that the complaint

> fail[ed] to state a claim for common law breach of confidentiality for three independent reasons: (1) as a matter of public record [Bruce Walters Ford] filed the subject unredacted exhibit, not [d]efendants, (2) Rule 5.2 of the Federal Rules of Civil Procedure does not create a private cause of action, and (3) as a matter of public record, [p]laintiffs waived any privacy protections under Rule 5.2 when their counsel filed the same document with insufficient redactions.

On appeal, petitioners argue that the circuit court erred in granting the motion for judgment on the pleadings.

> Tailoring our general standard of review to the specific review of a judgment on the pleadings, we have held that "[a]ppellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. pt. 1, *Copley v. Mingo County Bd. of Educ.,* 195 W.Va. 480, 466 S.E.2d 139 (1995). Explaining the reasoning for this standard, we stated that "[a] motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves." Syl. pt. 2, in part, *Copley, id.* For this reason,
>
> > [a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense.
>
> Syl. pt. 3, *Copley, id.*

*Blake v. Charleston Area Med. Ctr.*, 201 W. Va. 469, 474, 498 S.E.2d 41, 46 (1997).

---

[5] Respondents claim that these additional redactions were also insufficient to ensure that the confidential information was not revealed.

[6] Petitioners moved the federal court to require defendants to redact the personal information from the exhibit. Prior to any action on the motion, however, the defendants withdrew the original exhibit and filed a redacted document. Thus, the court denied the motion as moot.

Petitioners' complaint seeks to hold respondents responsible for filing the unredacted retail buyers order, arguing that respondents *could have* filed the unredacted exhibit since respondents electronically signed the joint motion and its certificate of service. The record, however, does not support petitioners' assertion that respondents actually filed the exhibit. The circuit court appropriately took judicial notice of the federal court docket sheet, a public record,[7] that reflected that the exhibit was filed by Bruce Walters Ford's counsel, not respondents. Because we find that the circuit court did not err in its finding that petitioners' complaint fails because respondents did not file the exhibit, we need not address the two remaining independent bases that the circuit court relied upon to grant respondents' motion for judgment on the pleadings. Accordingly, petitioners can prove no set of facts in support of their claim, and we find that the circuit court did not err in granting respondents' motion for judgment on the pleadings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[7] We agree that the docket sheet is a source "whose accuracy cannot reasonably be questioned" as discussed in Rule 201(b)(2) of the West Virginia Rules of Evidence. Therefore, it was appropriate for the court to take judicial notice of this document. Moreover, in an analogous context, this Court has held that "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." Syl. Pt. 1, *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008).

3